**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALLEN DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO:      07-01141** |
| **AMERICAN SECURITY INSURANCE CO.** | **SECTION: "D" (4)** |

## ORDER

On February 29, 2008, the Court granted as unopposed a Motion to Compel (R. Doc. 12), filed by the Defendant, American Security Insurance Co. ("American").  (R. Doc. 14.)  In the motion, American sought the award of reasonable attorney's fees associated with the motion. Therefore, in the Order, the Court ordered American to file a motion to fix attorney's fees into the record.

On March 7, 2008, American filed a **Motion for Attorney Fees (R. Doc. 15)** and attached two affidavits that itemized the services rendered by American's counsel, Gordon P. Serou, Jr. ("Serou") and Laura E. Fine ("Fine"). In total, American seeks the recovery of $737.00 in attorney's fees.  According to the affidavit submitted by Serou, he expended 0.30 hours in connection with the motion to compel and 0.20 hours drafting the motion for attorney's fees, at a rate of $150.00, for a total of $75.00.  (R. Doc. 15-3, Ex. A.)  In the parallel affidavit submitted by Fine, she avers that she expended 5.30 hours working on both the motions to compel and for attorney's fees, at a rate of $125.00, for a total of $662.50.  (R. Doc. 15-3, Ex. B.)

## I.      Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting

point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light

Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must

then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway

Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward

adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins

v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in

exceptional cases. *Id.*

 After the calculation of the lodestar, the burden then shifts to the party opposing the fee to

contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended

"by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode

v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III. Analysis**

 **A. Calculating a Reasonable Hourly Rate**

 Attorney's fees must be calculated at the "prevailing market rates in the relevant community

for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum

v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory

evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

*Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987).  Satisfactory evidence of the reasonableness of

the rate necessarily includes an affidavit of the attorney performing the work and information of

rates actually billed and paid in similar lawsuits.  *Blum*, 465 U.S. at 896 n. 11.  However, mere

testimony that a given fee is reasonable is not satisfactory evidence of a market rate.  *See Hensley*,

461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge

under similar circumstances.  The weight to be given to the opinion evidence is affected by the detail

contained in the testimony on matters such as similarity of skill, reputation, experience, similarity

of case and client, and breadth of the sample of which the expert has knowledge.  *Norman v.*

*Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial*

*Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that

attorneys customarily charge their highest rates only for trial work, and lower rates should be

charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the

lodestar to be computed and that rate is within the range of prevailing market rates, the court should

consider this rate when fixing the hourly rate to be allowed.  When that rate is not contested, it is

*prima facie* reasonable."  *La. Power and Light*, 50 F.3d at 328.

Here, American seeks the recovery of $737.50 in attorney's fees for 5.80 hours of work on

its motions to compel and for attorney's fees at hourly rates of $125.00 and $150.00.  In support of

the hourly rates, American submits the affidavits of its attorneys, Fine and Serou.

According to Fine's affidavit, she has earned a Juris Doctorate from Thomas Jefferson

School of Law and a Masters of Laws in International and Comparative Law from Tulane University

Law School in 2007.  (R. Doc. 15-4, Ex. B.)  She has been an associate with Serou since August

2007 to the present.  (R. Doc. 15-4, Ex. B.)  She maintains that she performed a total of 1.60 hours

of work in connection with the motion to compel and 3.70 hours of work on the motion for

attorney's fees.  (R. Doc. 15-3, Ex. A.)  She also attests that her hourly billing rate is $125.00.  (R.

Doc. 15-3, Ex. A.)

      According to Serou's affidavit, he graduated from Tulane Law School in 1984 and is a

member of the Louisiana and Texas State Bars.  (R. Doc. 15-3, Ex. A.)  Serou avers that based on

his experience in practicing law in the area and his personal knowledge of rates charged by local

defense attorneys in similar cases, the going rate for attorney's fees falls between $125.00 to

$175.00.  (R. Doc. 15-3, Ex. A.)  Serou maintains that he spent 0.30 hours total on the motion to

compel and 0.20 on the motion for attorney's fees.  (R. Doc. 15-3, Ex. A.)

      American did not provide any information regarding the rates actually billed and paid in

similar lawsuits.  However, Serou and Fine's requested rates are uncontested by the Plaintiff, Allen

Davis ("Davis"), and within the range of prevailing market rates as evidenced by case law.  *See*

*Creecy v. Metropolitan Property and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D.

La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for

five years and $200.00 an hour to an attorney with eleven years of experience); *Drs. Le and Mui,*

*Family Medicine v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec.

19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven years of legal

experience and $200.00 for an attorney with eleven years of experience).  Therefore, the rates sought

are prima facie reasonable.  *See La. Power and Light*, 50 F.3d at 328.

### B.      Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770.  Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).  Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.  The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended.  *Id.*  Alternatively, the court can conduct a line-by-line analysis of the time report.  *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Fine and Serou's affidavits for legal services that they provided in conjunction with the subject motions do not mention any hours expended but not billed to the client.  It is therefore presumed that Fine and Serou did not did not exercise billing judgment.  However, as indicated by the above case law, the Court may also conduct a line-by-line analysis of Fine and Serou's billing entries.

First, the Court looks to the reasonableness of Fine's entries.  Fine indicates that she spent 1.60 hours drafting the motion to compel and its components, and 3.70 hours drafting and finalizing the motion for attorney's fees.  (R. Doc. 15-4, Ex. B.)  However, the motion to fix attorney's fees

was not difficult, but merely required American to supply proof of the time spent by its counsel in preparing its motion to compel.  Therefore, the Court finds the 3.70 hours of work performed by Fine on the motion to fix attorney's fees to be excessive and reduces the hours requested by American for work performed by Fine.

Particularly, the Court finds that 0.40 hours spent by Fine to draft a three-sentence motion for attorney's fees[2] is excessive, and therefore reduces Fine's request to 0.10 hours, the same amount of time expended by Fine to draft the motion to compel, which was also three sentences.  The Court also finds that 0.80 hours of work on drafting the memorandum for attorney's fees is similarly excessive for a simple motion to fix attorney's fees, and thus, deducts 0.50 hours from Fine's total request. The Court awards Fine only 0.30 hours of work on the supporting memorandum to American's motion for attorney's fees, also the same amount that Fine worked on the memorandum for American's motion to compel.

The Court also reduces other individual fee requests made by Fine.  In the Court's prior Order (R. Doc. 14), the Court *already* awarded American attorney's fees, therefore, the authority cited to by Fine regarding the inherent authority of the Court to award attorney's fees is superfluous. *See Khan v. City of Baton Rouge*, Civ. A. 07-393-FJP-DLD, 2008 WL 1885329 (M.D. La. Apr. 28, 2008) (refusing to award costs or fees for subsequent, unnecessary motions).  The Court extends the logic of *Khan* to the facts here.  Fine's cited case law is unnecessary because of the issue of whether

---

[2] The three-sentence motion reads:

     NOW COMES defendant, American Security Insurance Company, and respectfully moves the Court to direct Allen Davis to pay reasonable expenses and attorney fees pursuant to Fed. R. Civ. P. 54(d)(2)(B) and 37(a)(5)(A).  The Court granted American Security Insurance Company's Motion to Compel on February 29, 2008.
     WHEREFORE American Security Insurance Company moves this Honorable Court to grant attorney fees in the amount of $737.50.  (R. Doc. 15.)

to award American fees was already been resolved by the Court.  Therefore, the Court declines to award fees for such research and eliminates the 0.50 hours that Fine requests for reviewing legal authorities for American's motion for attorney's fees.

Finally, the Court concludes that (1) the 0.80 hours Fine spent in "finalizing" American's motion to compel and (2) the 1.00 hours she spent in "reviewing and finalizing" American's motion to fix attorney's fees is excessive given the time that she already expended upon the motion, and the 0.50 hours that Serou expended in also reviewing and drafting the motions. The Court finds that 0.40 hours per motion is a reasonable time to review and finalize the two motions, which were not difficult or complex.  Therefore, the Court reduces the total hours requested by Fine by 1.00 hour.

In sum, the Court finds that the 5.30 hours of time spent by Fine on the subject motions is excessive.  Therefore, the Court reduces the 5.30 total hours expended by Fine on the motions to 3.00 hours. Otherwise, considering Fine's one to two years of legal experience, the Court concludes that the remainder of the 3.00 hours of work by Fine on the motion to compel is reasonable.

The Court next conducts a line-by-line analysis of Serou's billing entries.  The Court concludes that the time that Serou reported was reasonably expended.  Furthermore, Serou asserts that he expended 0.30 hours on the motion to compel and 0.20 hours on the attorney's fees motion. (R. Doc. 15-3, Ex. A.)  Considering Serou's combined total of twenty-four (24) years of practicing law and the relative ease of the motions, the Court finds that 0.50 hours spent by Serou in preparing the motion is not excessive, as it constitutes the time Serou needed to review Fine's work. Therefore, the Court awards American its requested fees as to Serou, for Serou's time spent on the above-mentioned motions and associated parts.

C.      **Adjusting the Lodestar**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).  The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.  The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar.

Therefore, the Court awards American a total of $450.00 for 3.00 hours for work performed by Fine at an hourly rate of $125.00, and $150.00 an hour at 0.50 hours of work by Serou.

IV.     **Conclusion**

Accordingly,

**IT IS ORDERED** that American's **Motion for Attorney Fees (R. Doc. 15)** is **GRANTED**. The Court finds that a total fee of **$450.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Davis satisfy his obligation to American no later than **twenty (20) days** of the signing of this Order.

New Orleans, Louisiana, this 27th day of May 2008

                              **KAREN WELLS ROBY**
                     **UNITED STATES MAGISTRATE JUDGE**

8